UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America,

    v.                                                                                        Crim. No. 5:14-cr-28-3

Deirdre Hey

### REPORT AND RECOMMENDATION
(Doc. 196)

    Deirdre Hey, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed on her in this district following her pleas of guilty to one count of maintaining a residence for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(2); and one count of conspiring to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(C). (Doc. 96 at 1; Doc. 163 at 1.) On April 28, 2015, Chief United States District Judge Christina Reiss sentenced Hey to two concurrent terms of imprisonment of 33 months, to be followed by a three-year term of supervised release. (Doc. 163.)

    Hey now asserts that the court should vacate her sentence and then resentence her based on Amendment 782 to the United States Sentencing Guidelines (USSG), which went into effect on November 1, 2014. (Doc. 196 at 4–6.) Hey also seeks an offense level reduction under the advisory Sentencing Guidelines, arguing that she played only a minor role in the offense conduct. Based on the following I recommend that Hey's Motion be DENIED.

**Background**

I.  **Preliminary Proceedings and Plea Agreement**

On May 8, 2014, a Superseding Indictment was filed in this district charging Hey with two violations of the Controlled Substances Act. (Doc. 20 at 1, 5.) A Second Superseding Indictment was later filed on December 18, 2014. (Doc. 87.) The Second Superseding Indictment raised additional charges against Hey's alleged coconspirators, but maintained the same charges against Hey. (*Id.*) Specifically, the Second Superseding Indictment charged Hey in Count Eight with managing and controlling a residence for the purpose of distributing heroin and cocaine base, in violation of 21 U.S.C. § 856(a)(2) (*id.* at 8); and in Count Eleven, with engaging in a conspiracy to distribute heroin, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(C) (*id.* at 11).

Hey, with the benefit of counsel, entered into a Plea Agreement on January 7, 2015, in which she agreed to plead guilty to both Count Eight and Count Eleven of the Second Superseding Indictment. (Doc. 96 at 1, ¶ 1.) She acknowledged that by pleading guilty to those two counts, she faced up to 20-years' imprisonment for each count pursuant to 18 U.S.C. § 856(b) and 21 U.S.C. § 841(b)(1)(C) (*id.* ¶ 2) and at least three-years' supervised release for Count Eleven pursuant to 21 U.S.C. § 841(b)(1)(C) (*id.*). Hey also acknowledged that any estimates or predictions relative to the USSG calculations were not binding on the court, and that her ultimate sentence was "within the discretion of the court." (*Id.* at 2–3.)

The following day, on January 8, 2015, Hey appeared before Chief Judge Reiss and pleaded guilty to Count Eight and Count Eleven. (Doc. 99.) Chief Judge Reiss set Sentencing for April 24, 2015 (*id.*), and ordered the preparation of a presentence investigation report (PSR).

## II.    The Presentence Report

The PSR concluded that Hey faced an advisory Sentencing Guidelines imprisonment range of 135 to 168 months, based on an adjusted offense level of 31 and a Criminal History Category (CHC) of III. (PSR at 21, ¶ 116.) This sentencing range was determined using the "2014 Guidelines Manual, [and] . . . all guideline amendments" that had gone into effect up to that point. (*Id.* at 11, ¶ 55.)

Hey's base level offense was 30 as it was determined that Hey "was involved with distributing a total of 627 grams of heroin and 399 grams of cocaine base." (*Id.* ¶ 58 (citing USSG § 2D1.1(c)(5)).) These quantities converted to a marijuana equivalency of 1,000 to less than 3.000 kilograms. Four levels were then added to the base offense level: two levels because Hey possessed a firearm during the offense (*id.* at 12, ¶ 59 (citing USSG § 2D1.1(b)(1))); and two levels because she "maintained a premises for the purpose of distributing a controlled substance" (*id.* ¶ 60 (citing USSG § 2D1.1(b)(12))). Three levels were then deducted from Hey's adjusted offense level: two levels because she accepted responsibility (*id.* ¶ 66 (citing USSG § 3E1.1(a))); and one level because she "assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty"

(*id.* ¶ 67 (citing USSG § 3E1.1(b))). Hey received three criminal history points for three prior offenses, which resulted in her sustaining a CHC of III. (*Id.* at 13–16.)

As stated above, Hey's adjusted offense level of 31 and CHC of III resulted in a Guidelines imprisonment range of 135 to 168 months. (*Id.* at 21, ¶ 116.) The PSR also noted that the crimes Hey pleaded guilty to committing carried a statutory maximum of 20-years' imprisonment under both Counts, and a statutory minimum term of at least three years of supervised release under Count Eleven. (*Id.* at 21, ¶¶ 115–18.)

### III. Sentencing

Both parties filed Sentencing Memoranda responding to the recommendations set forth in the PSR. (Docs. 159, 160.) Hey's attorney, Frank J. Twarog, sought either "[a] departure from the guidelines" by reducing Hey's adjusted offense level by half or, in the alternative, "a non-guideline variance sentence for a term of incarceration equivalent to time-served, followed by an additional, equivalent term in a transitional residence/half-way house setting." (Doc. 159 at 3.) Twarog argued that either of these alternatives was appropriate, because Hey had become a heroin addict only after she could no longer afford the prescription pain killers she became addicted to following several back surgeries. (*Id.* at 1.) He concluded that Hey's "sole motivation" for committing the offense conduct was "[a]n escape from pain." (*Id.*) In response, the government argued that providing a residence for her coconspirators to sell drugs and selling drugs in exchange for firearms was conduct that warranted the Guidelines imprisonment range of 135 to 168 months. (Doc. 160.)

Chief Judge Reiss concluded that a departure from the advisory Sentencing Guidelines was warranted and granted Hey's Motion for a Downward Departure. Hey was sentenced to "a term of 33 months on Count 8 and 33 months on Count 11, to run concurrent[ly], to be followed by a three-year term of supervised release." (Doc. 202 at 36:11–13.) Hey did not pursue a direct appeal of her sentence.

## IV.   Hey's § 2255 Motion

Hey filed the instant § 2255 Motion on August 30, 2016.[1] She argues that the court should vacate her sentence, claiming two errors in the calculation of her Guidelines imprisonment range. First, Hey argues the court failed to apply the "two point[] deduction" to her adjusted offense level provided for in Amendment 782 to the USSG. (Doc. 196 at 4.) Second, Hey asserts the court should have applied a downward adjustment to her adjusted offense level because she only played a minor role in the conspiracy. (*Id.* at 5.)

On September 1, 2016, the day after filing the instant Motion, Hey filed a Motion to Reduce Sentence. (Doc. 194.) Hey argued that the court should reduce her sentence, because it had failed to consider Amendment 782 to the USSG at the time of her sentencing. On October 7, 2016, Chief Judge Reiss denied Hey's Motion. (Doc. 199.)

---

[1] The date of filing is not September 6, 2016 (the date the § 2255 Motion was recorded with the clerk), as the government states in its Opposition to Hey's § 2255 Motion. Rather it is the date Hey delivered it to the prison officials for mailing, which is August 30, 2016. *See Montero-Melendez v. United States*, No. 02 Civ.2062 JFK, S195CR991JFK, 2003 WL 328294, at *1 (S.D.N.Y. Feb. 13, 2003) ("The filing date for a prisoner proceeding *pro se* is governed by the 'prison mailbox rule,' which sets the effective filing date as the day upon which the prisoner delivers the petition to prison officials for mailing." (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (extending the "prison mailbox rule" to *pro se* § 2255 motions))).

On October 11, 2016, the government filed an Opposition to Hey's § 2255 Motion. (Doc. 200.) The government argues the court should deny Hey's § 2255 Motion, because the "sole ground raised in [her] Section 2255 Motion . . . ," was the "identical ground raised in the Motion for Modification, which [Chief] Judge Reiss just denied." (*Id.* at 1.) The government does not address Hey's second ground for relief. In a Supplemental Opposition filed on October 12, the government argues, without citation to supporting legal authority, that Hey's § 2255 Motion is now moot, because "Hey was released from prison on September 30, 2016." (*Id.* at 1.)

## Analysis

### I.     Standards Governing § 2255 Motions

A prisoner in federal custody may file a motion under 28 U.S.C. § 2255 "to vacate, set aside[,] or correct" her sentence if she can show that she has "the right to be released upon the ground that" her sentence (1) was "imposed in violation of the Constitution or laws of the United States," (2) was issued by a court that did not have jurisdiction, (3) was in excess of the lawful maximum, or (4) "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such relief "is generally available . . . only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962).

## II.    The "In Custody" Requirement Under § 2255

For a defendant "to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (citing *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960) ("A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody."), *cert. denied*, 363 U.S. 806 (1960))).  The defendant seeking relief under § 2255 "must be 'in custody' when the application for habeas corpus is filed," to satisfy the jurisdictional "in custody" requirement.  *Carafas v. LaValle*, 391 U.S. 234, 238 (1968).  Being "in custody," however, is not limited to physical confinement.  *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)).  For example, "a term of supervised release, which carries with it the possibility of revocation and additional jail time, satisfies the 'in custody' requirement of § 2255."  *Peck v. United States*, 73 F.3d 1220, 1224 n.5 (2d Cir. 1995) (citing *Jones*, 371 U.S. at 240–43); *see also Scanio*, 37 F.3d at 860 ("[T]he habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed, and a petitioner under supervised release may be considered 'in custody.'").

On the other hand, "where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot." *Califano v. United States*, No. 00CV0543SJ, 2005 WL 1379018, at *1 (E.D.N.Y. June 7,

2005); *see also Guzman v. United States*, Nos. 05 Civ. 2691(RMB)(AJP), 99 Crim. 1036(RMB), 2007 WL 1821698, at *1 (S.D.N.Y. June 26, 2007) (holding § 2255 motion, which was "entirely directed to sentencing issues," moot when defendant served his full prison sentence and had been deported); *United States v. Hinson*, No. 2:02–CR–22, Civ. No. 2:12–cv–346, 2015 WL 5712767, at *4 (E.D. Tenn. Sept. 29, 2015) (holding § 2255 motion moot when the petitioner only sought to reduce his term of imprisonment and was released from prison during the pendency of the motion). "Unlike the 'in custody' requirement, mootness is not fixed at the time of filing but must be considered at every stage of habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016); *see also Chevron Corp. v. Donziger*, 833 F.3d 74, 124 (2d Cir. 2016) (finding that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (emphasis omitted) (quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013)).

Here, Hey was sentenced to two 33-month terms of imprisonment, set to run concurrently to one another, followed by a statutorily required three-year term of supervised release. (Doc. 202 at 36; PSR at 21, ¶ 118 (citing (21 U.S.C. § 841(b)(1)(C)).) Hey filed her § 2255 Motion on August 30, 2016 (Doc. 196 at 12), one month before she was released from prison on September 30, 2016 (Doc. 201-1). As stated above, federal habeas jurisdiction is determined at the time the application is filed. *Carafas*, 391 U.S. at 238. This court's jurisdiction was proper, therefore, because Hey was in prison at the time she filed her § 2255 Motion.

As discussed above, typically a claim brought under the authority of § 2255 would not be moot, even if the petitioner was not in prison at the time of filing, because a term of supervised release constitutes "'custody' for purposes of § 2255." *Hinson*, 2015 WL 5712767, at *4; *Peck*, 73 F.3d at 1224 n.5. Here, however, Hey's claim is moot, because the two grounds for relief are directed only at the custodial portion of her sentence, rather than the underlying conviction. Hey's sole argument is that the court committed two errors in calculating her Sentencing Guidelines range with respect to imprisonment. The only part of her sentence left to serve is her three-year term of supervised release. This term is required by statute because of the nature of the offense of conviction, which means the court is unable to set it below the statutory three-year term regardless of the length of the term of supervised release recommended under her Sentencing Guidelines range. (PSR at 21, ¶ 118 (citing (21 U.S.C. § 841(b)(1)(C)).) This court, therefore, cannot afford Hey the relief she seeks as her claim is now moot.

### III.  Procedural Bar

Hey's substantive claims, in addition to being moot, are also procedurally barred. As discussed above, relief under § 2255 "is generally available . . . only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Bokun*, 73 F.3d at 12. Incorrectly applying the Sentencing Guidelines is neither a constitutional error nor relates to a court's jurisdiction. *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir.1996). Therefore, for a court to provide habeas relief, the incorrect application of the Sentencing Guidelines must have resulted in a

"complete miscarriage of justice." *Id.* In the Second Circuit, however, "claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines . . . will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal." *Sanders v. United States*, 1 F. App'x. 57, 58–59 (2d Cir. 2001) (quoting *Graziano*, 83 F.3d at 590). Hey's claims, therefore, are procedurally barred because she did not seek a direct appeal.

## IV.   Merits of Hey's Claims

Even if Hey's claims were not moot and procedurally barred, they are meritless. First, contrary to her assertions, Hey benefitted from Amendment 782 at the time of sentencing. Amendment 782 to the USSG went into effect on November 1, 2014, nearly six months prior to the date Hey was sentenced. USSG Supp. App. C, at 64 (2014). The PSR states: "The 2014 Guidelines Manual, *incorporating all guideline amendments*, was used to determine the defendant's offense level." (PSR at 11, ¶ 55 (emphasis added).) The breakdown of the probation officer's calculations in the PSR makes it clear that Amendment 782 was one such incorporated guideline amendment. The probation officer determined that Hey's applicable base offense level was 30 under USSG § 2D1.1(c)(5) based on the amount and types of drugs involved in the offense. (PSR at 11, ¶ 58.) Prior to the adoption of Amendment 782, Hey would have received a base offense level of 32 under USSG § 2D1.1(c)(5). USSG Supp. App. C, at 65 (2014) ("Section 2D1.1(c)(5) . . . is amended by striking 'Level 32' and inserting 'Level 30.'"). Hey's first claim is therefore meritless.

Hey's second claim that she should have received a downward adjustment to her adjusted offense level, because she only played a minor role in the conspiracy, is equally meritless. (Doc. 196 at 5.) Chief Judge Reiss granted Hey a significant downward departure. (Doc.202 at 30.) Even if the court calculated Hey's Guidelines range applying a mitigating role reduction under USSG § 3B1.2, Hey's Guidelines sentence range would still be longer than the sentence that she actually received and served. Therefore, Hey would receive no real benefit from a minor role reduction.

## Conclusion

Based on the foregoing, I recommend that the Court DENY Hey's § 2255 Motion. Furthermore, I recommend that the Court DENY Hey an evidentiary hearing. A hearing is only warranted when the petitioner's motion "set[s] forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle h[er] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (citing *Machibroda*, 368 U.S. at 494). Hey has failed to meet this burden, because as stated above she has failed to demonstrate what type of relief, if any, this court could grant her if it were to grant her § 2255 Motion.

I also recommend that the court not issue a certificate of appealability. A certificate of appealability in a § 2255 proceeding may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hey cannot meet this standard, because as addressed above, her claim does not raise a constitutional issue. Accordingly, I further recommend that a certificate of appealability be DENIED.

11

Dated at Burlington, in the District of Vermont, this 12th of December, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).